UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAJ VENTURES, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 07-2718 |
| ENVIRONMENTAL CHEMICAL CORP., ET AL | SECTION "N" (5) |

**ORDER AND REASONS**

Presently before the Court are several pending motions. *See* Rec. Docs. 32, 64, 98, 100, 104, and 127. Prior to addressing those motions, however, the Court finds it appropriate to re-visit the issue of its removal jurisdiction.

On October 31, 2007, following oral argument, the Court denied Plaintiff's Motion to Remand (Rec. Doc. 6) this action to state court. At that juncture, the Court was satisfied that Count 3 of the third-party petition, filed by Defendants/Third-Party Plaintiffs, Environmental Chemical Corporation (ECC) and ECC Operating Services (ECCOS) (collectively, the "ECC Defendants"), against the Third-Party Defendants, United States of America and the United States Army Corps of Engineers (collectively, the "Government"), provided removal jurisdiction under 28 U.S.C. §1441(c).[1]

---

[1] That provision states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of [Title 28] is joined with one or more otherwise non-removable claims or causes of action, the

*See* 28 U.S.C. §1441(c). Upon further review, however, the Court reconsiders that ruling. In so doing, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Additionally, the Court is cognizant that the Fifth Circuit's practice of allowing certain third-party defendants to remove under §1441(c) represents a minority position. *See* 14C C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3731 (3d ed. 2008)(discussing Fifth Circuit's divergence from majority view).[2]

In reconsidering its earlier remand ruling, the Court has carefully analyzed numerous cases construing and applying the "separate and independent" requirement imposed by §1441(c). Specifically, the Fifth Circuit has explained that "a federal claim is separate and independent if it involves an obligation distinct from the nonremovable claims in the case." *State of Texas v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998), *cert. denied*, 525 U.S. 1101, 119 S. Ct. 865 (1999). By their very nature, however, third-party claims bear a close relationship with the main claim. Otherwise, they

---

> entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

*See* 28 U.S.C. §1441(c).

[2] The Fifth Circuit has repeatedly confirmed that certain third-party defendants may remove entire cases pursuant to §1441(c). *See State of Texas v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998), *cert. denied*, 525 U.S. 1101, 119 S. Ct. 865 (1999); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1066 (5th Cir.), *cert. denied*, 506 U.S. 867, 113 S. Ct. 193 (1992); *In re Wilson Industries, Inc.*, 886 F.2d 93, 95-96 (5th Cir. 1989); *Carl Heck Engineers, Inc. v. Maryland Cas. Co.*, 622 F.2d 133 (5th Cir. 1980) (removal may be premised on separate and independent third-party claim that would be removable if sued upon alone).

would not be not be eligible for joinder with the main claim under typical state court procedural rules. *See, e.g.,* La. Code Civ. P. art. 1111 ("defendant in a principal action by petition may bring in any person . . . who is his warrantor, or who is or may be liable to him for all or part of the principal demand."

Although this fact might seem to suggest that third-party indemnity claims can never be "separate and independent" for purposes of §1441(c), the Fifth Circuit has confirmed the contrary to be true. Rather, third-party indemnity claims are *not* "separate and independent" when they are premised on an allegation that the third party defendant's conduct caused the plaintiff's injuries and, therefore, seek indemnity and/or contribution under tort law principles. *See In re Wilson Industries, Inc.*, 886 F.2d 93, 96 (5th Cir. 1989). On the other hand, a third-party claim that seeks only contractual indemnity based on a separate obligation owed to the defendant/third-party plaintiff, such as an insurance policy, *is* a "separate and independent' claim. *Id.* at 96; *Marsh Inv. Corp. v. Langford*, 494 F. Supp. 344, 350 (E.D. La. 1980) (same), *aff'd per curiam*, 652 F.2d 583 (5th Cir. 1981).

Other third-party claims, however, such as the one asserted in Count 3 of the ECC Defendant's third-party petition (Rec. Doc. 1-2), are not as easily classified. In that count, the ECC Defendants argue, relative to the main claim, that, if the Plaintiff's allegations of misconduct and/or damage are correct, the Government breached its duty of care and negligently performed under its contract with the ECC Defendants "in selecting and directing use of the Semmes/Thayer site." *See* Third-Party Pet., ¶¶32-34. Thus, in addition to seeking indemnity and contribution in Counts 1 and 2 from the Government for any liability that the ECC Defendants are found to have to Plaintiff, the

3

ECC Defendants also seek "an award of damages . . . for the [Government's] negligent performance and/or breach of its duty [of reasonable care] to [the ECC Defendants] arising out of or related to the [contract between the Government and the ECC Defendants," as well as attorney's fees and costs. *Id.* at ¶34 (prayer).

In arguing that §1441(c) authorizes the Government's removal, the ECC Defendants contend that Count 3 is "separate and independent" from Plaintiff's main claim, because the third-party claims in Count 3 are based on a *contractual* duty that is owed to them by the Government and, significantly, exists separately from, and in addition to, the *tort* duties that the ECC Defendants allegedly owe Plaintiff, as owner of the property in question. The ECC Defendants also maintain, though not with much specificity, that they seek damages in addition to recovering any sums that they might be required to pay Plaintiff.

Although the ECC Defendants' arguments have appeal, the Court disagrees. As previously stated, the Court is obligated to construe removal statutes strictly, and particularly so when removals by third-party defendants are at issue. Accordingly, based on its review of the applicable Fifth Circuit jurisprudence, the Court concludes that, to be "separate and independent" for purposes of §1441(c) removals, third-party claims must assert a breach that involves a separate contractual duty owed to the third-party plaintiff *and* arises from a factually different wrong. In other words, a third-party claim is not "separate and independent" if it simply asserts that the same wrongful act by the third-party defendant that harmed the plaintiff *also* harmed the third-party plaintiff. Stated different, a third-party claim is not separate and independent if it alleges that the third-party defendant, in whole or in part, caused the plaintiff's allegedly injury. *See generally State*

*of Texas,* 142 F.3d at 817; *In re Wilson Industries, Inc.*, 886 F.2d at 96; *Carl Heck Engineers, Inc. Co.* 622 F.2d at 135-37 (discussing cases); *Marsh Inv. Corp.*, 494 F. Supp. at 348-50 (analyzing cases discussed in *Heck)*; *see* also *Eastus v. Blue Bell Creameries*, 97 F.3d 100, 104-06 (5th Cir. 1996); *Addison v. Gulf Coast Contracting Services,* 744 F.2d 494 (5th Cir. 1984).[3]

Applying these principles here, the Court finds that the third-party claims at issue are not "separate and independent" from the claims asserted by Plaintiff against the ECC Defendants. Although a contractual duty to the ECC Defendants arguably has been breached, the wrongful conduct forming the factual basis of that breach is the very same, or a significant part of, the conduct that provides the factual basis for Plaintiff's claims against the ECC Defendants in the main claim. Thus, §1441(c) does not provide removal jurisdiction over this action.

The Court likewise is not convinced that the 28 U.S.C. §1441(a) offers any assistance in this instance. Contrary to arguments made by the Government and Defendants/Third-Party Plaintiffs, most courts considering the matter have concluded that the removal authority granted to "the defendant or defendants" by this provision generally does not extend to third-party defendants. *See, e.g.*, *Huntsman Corp. v. International Risk Ins. Co.*, Civ. Action No. 08-1542, 2008 WL 4453170, *3-7 (S. D. Tex. 9/26/08)(Rosenthal, J.); *Scheurich v. Agrico Chem. Co.,* Civ. Action No. 08-151, 2008 WL 4298449,*2-3 (M.D. La. 9/16/08) (Tyson, J.); *Salge v. Buchanan*, Civ. Action No. 07-212, 2007 WL 1521738, *2-3 (S.D. Tex. 5/24/07); *Commercializadora Portimex, S.A. v. Thionville Laboratories, Inc.*, Civ. Action No. 03-3635, 2004 WL 1336407, *4 (E.D. La.

---

[3] The Court found its own review of the cases discussed in *Heck* to be particularly helpful.

6/14/04)(Vance, J.). In the absence of contrary authority from the Supreme Court or Fifth Circuit, and once again recognizing that removal statutes are to be strictly construed, the Court joins in that determination.

As asserted by the Government, however, the special removal authority granted to agencies and officers of the United States in 28 U.S.C. §1442 is applicable here. Unlike §1441(a), the language of §1442 does not limit its availability to only "the defendant or defendants." Nor does it require "separate and independent" claims. Rather, it applies to state court suits based on an act occurring "under color" of federal office that is met with a federal defense. *See Mesa v. California*, 489 U.S. 121, 136-37, 109 S. Ct. 959, 968-69 (1989); *Willingham v. Morgan,* 395 U.S. 402, 405-07, 89 S. Ct. 1813, 1815-16 (1969). Further, it results in removal of the entire civil action, including otherwise non-removable claims asserted by and against non-governmental parties. *See, e.g., IMFC Prof. Services v. Latin American Home Health, Inc.*, 676 F.2d 152, 156-57 (5th Cir. 1982); *In Re Katrina Canal Breaches Litig.*, Civ. Action Nos. 05-4182, 06-7400, 2007 WL 1438739, \*2 (E.D. La. 5/15/07) (Duval, J).

Ultimately, however, this removal provision offers little benefit to the ECC Defendants. While acknowledging its arguably outdated and illogical nature, courts from other circuits continue to apply the doctrine of derivative jurisdiction to matters properly removed pursuant to §1442. *See, e.g., Palmer v. City Nat. Bank of West Virginia,* 498 F.3d 236, 239, 244-46 (4th Cir. 2007) (discussing legislative history support for continued application of derivative jurisdiction with §1442 and collecting cases), *cert. denied*, 128 S. Ct. 2495 (2008); *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 437 (5th Cir. 1984)(summary calendar); *In Re Katrina Canal*

*Breaches Litig.*, 2007 WL 1438739 at *3 (collecting cases); 14C C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3727 (3d ed. 2008) (discussing cases); *but see Ewell v. Petro Processors,* 655 F. Supp. 933, 935 (E.D. La. 1987) (rejecting derivative jurisdiction following 1986 amendment to §1441 but before 2002 amendment). Once again, in the absence of definitive guidance from the Supreme Court or Fifth Circuit, this Court finds no reason to disagree with the rationale of these courts' decisions.[4] Accordingly, under the derivative jurisdiction doctrine, though the Government's *removal* was authorized under §1442, this Court is without subject matter jurisdiction to adjudicate the merits of the ECC Defendants' third-party claims, because the state court from which the action was removed had no subject matter jurisdiction over those claims. Thus, **IT IS ORDERED** that the ECC Defendants' third-party claims asserted in this action against the Government are **DISMISSED WITHOUT PREJUDICE** to the ECC Defendants' rights to pursue them in a court of proper subject matter jurisdiction.

With respect to the remaining claims presently before the Court, that is, the state law claims asserted by Plaintiff against the ECC Defendants and Defendant Omni Pinnacle, Inc., the Court has discretion to remand these actions to state court once the third-party claims against the

---

[4] In *Ewell*, the court referenced *IMFC* in support of its rejection of the continued application of the derivative jurisdiction doctrine in connection with §1442 removals. As counsel to this action have agreed, the *IMFC* decision is, in certain respects, somewhat unclear. The *IMFC* Court's analysis, however, focused mainly on whether §1442 authorized removal notwithstanding the state court's lack of jurisdiction, and the remand of the remaining claims following dismissal of the federal officer from the suit. Further, in *Spencer*, the Fifth Circuit did apply the derivative jurisdiction doctrine relative to a §1442 removal. Finally, both *Ewell* and *IMFC* were decided prior to the 2002 amendment to §1441(f) that is referenced in subsequent decisions from other circuits recognizing the continued validity of the doctrine with respect to §1442 removals, but not §1441 removals.

Government have been dismissed. *See IMFC Prof. Services*, 676 F.2d at 158-60. Given that Plaintiffs' claims would not be in this Court but for the Government's removal of the ECC Defendant's third-party claim, and ever recognizing that federal courts have limited jurisdiction, the Court finds it appropriate to return Plaintiff's claims to the state court from which they came. There, the parties can, as they already had begun prior to removal, litigate the defendants' assertion of their government contractor defense. Accordingly, **IT IS ORDERED** that the main claims in this action – those asserted by Plaintiff against Environmental Chemical Corporation (ECC) and ECC Operating Services (ECCOS) (collectively, the "ECC Defendants") and Defendant Omni Pinnacle, Inc. – are **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

Considering these rulings, **IT IS FURTHER ORDERED** that the pending motions in this matter (Rec. Doc. Nos. 32, 64, 98, 100, 104, and 127) are **MOOT**.

New Orleans, Louisiana, this 31st day of March 2009.

	**KURT D. ENGELHARDT**
	**UNITED STATES DISTRICT JUDGE**